UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSENDO BARRAGAN
BARRAGAN,

              Petitioner,

    v.

UNITED STATES OF AMERICA,

              Respondent.

CASE NO. C16-1972RSM

ORDER DENYING PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY

## I.  INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. # 1. Petitioner, Rosendo Barragan Barragan, challenges the 120-month sentence imposed on him by this Court after he pleaded guilty to one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(A) and 846. *See id.* and CR09-0362RSM, Dkts. #348 and #372. Petitioner now challenges his sentence on the basis that he was substantially less culpable than the average participant of the conspiracy, and on the basis that the Undersigned should reconsider the Section 3553 factors and adjust his sentence downward. Dkt. #1 at 2-6. The Government opposes the motion, arguing that the Petition is untimely, that Petitioner has waived his arguments, and that his claims fail on the merits in any event. Dkt. #5. Petitioner has not filed a Reply in support of his motion. The

1   Court has determined that no evidentiary hearing is necessary.  *See* 28 U.S.C. § 2255(b).  After

2   full consideration of the record, and for the reasons set forth below, the Court now DENIES

3   Petitioner's § 2255 motion.

## II. BACKGROUND[1]

5          Petitioner was one of eighteen defendants charged in October of 2009 with drug

6   trafficking and money laundering as a member of a widespread criminal association headed by

7   co-defendant Arturo Barajas-Garcia, which was involved in the distribution of controlled

8   substances, money laundering, and related crimes in Western Washington, Texas, Georgia,

9   California, and Mexico.  Dkt. #5 at 4 (citing to the Presentence Report ("PSR") prepared in

10  Case No. CR09-0362RSM) at ¶ ¶ 1-30.   Petitioner was identified during the wiretap

11  investigation as one of the source of supply to Barajas-Garcia.  *Id.* at ¶ 33.  Specifically,

12  Petitioner "was a highly active participant within another drug distribution cell" who was

13  "known to supply significant quantities of methamphetamine and cocaine to other

14  organizations, in addition to supplying the Barajas Garcia organization."  *Id.* at ¶ 36.  Petitioner

15  "would travel to Mexico to negotiate for the purchase of methamphetamine from an unknown

16  source of supply and then pay someone to drive the methamphetamine across the border into

17  the United States."  *Id.*  When arrested in Modesto, California, on October 21, 2009, he had

18  9,876 grams of cocaine and 430.6 grams of methamphetamine, a handgun with ammunition,

19  over $20,000 in cash, and a digital scale at his home, where he and his wife resided.  *Id.* at ¶ 38.

20  Another $73,000 in cash was recovered from or near a home he owned in Monroe, Washington,

21  where his daughter and her husband resided.  *Id.* at ¶ 39.

22  _____

23  [1]  Petitioner offers no background or other factual contentions supporting his Petition.  *See* Dkt.
    #1.  Accordingly, the Court recites the background set forth by the Government, as supported by
24  the records in the instant matter and in *USA v. Barragan-Barragan*, Case No. CR09-0362RSM.

On June 23, 2010, Petitioner pleaded guilty to Conspiracy Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846. Case No. CR09-0362RSM, Dkt. #348. His guilty plea and written Plea Agreement specifically included an admission that his offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, or 50 grams or more of actual methamphetamine, or five kilograms of cocaine, thus triggering the statutory mandatory minimum term of 120-months as required by 21 U.S.C. § 841(b)(1)(A). *Id.* at ¶ 3.e. Petitioner acknowledged a mandatory minimum ten-year sentence as part of his guilty plea. *Id.* at ¶ 3.a. As part of the Plea Agreement, conditioned on a sentence within or below the sentencing guidelines range (or the mandatory minimum), Petitioner waived his right to challenge his sentence on direct appeal and further waived "any right to bring a collateral attack against the conviction and sentence . . except as it may relate to the effectiveness of legal representation." *Id.* at ¶ 17.

The Probation Office calculated Petitioner's Base Offense Level pursuant to USSG § 2D1.1(c) as Level 36. Dkt. #5 at 5 (citing to the Presentence Report ("PSR") prepared in Case No. CR09-0362RSM) at ¶ 47. Probation added two levels for possession of a firearm in connection with the offense, pursuant to USSG § 2D1.1(b)(1). *Id.* at ¶ 48. Probation also independently assessed Petitioner's role in the offense and concluded that "[a]lthough the defendant was a highly active decision maker within his own 'cell,' he was not a leader within the Barajas Garcia organization." *Id.* at ¶ 51. Accordingly, no leadership enhancement was recommended. Petitioner received full credit for Acceptance of Responsibility, which resulted in a Total Offense Level of 35. *Id.* at ¶ 57. Further, Petitioner had no prior criminal convictions. *Id.* at ¶ 61. Thus, at Total Offense Level 35 and criminal history category I,

Petitioner's sentencing range as calculated by Probation was 168 to 210 months.  Dkt. #5 at 5 (citing to the Presentence Report ("PSR") prepared in Case No. CR09-0362RSM) at ¶ 85.

At Petitioner's sentencing hearing on November 5, 2010, the Court declined to assess an enhancement for possession of the firearm.  Dkt. #5 at 5 (citing to Statement of Reasons Form, *filed under seal*, (hereinafter "SOR")).  The Court found that Petitioner's Total Offense Level was 33 at criminal history category I, resulting in a sentencing range of 135 to 168 months.  *Id.*  The Court then departed downward from that range and imposed a prison term of 120 months, noting that the mandatory minimum sentence had been imposed. *Id.* and Case No. CR09-0362RSM, Dkt. #422.  Petitioner did not file an appeal.

On December 28, 2016, Petitioner filed the instant motion.  Petitioner appears to argue that this Court should grant him a sentence reduction under: 1) the Sentencing Commission's amendment to its Commentary on the "Mitigating Role" provisions at USSG § 3B1.2, effective on November 1, 2015 ("Amendment 794"); (2) the Sentencing Commission's amendment adding "Aberrant Behavior" as a grounds for departure at USSG § 5K2.20, effective on November 1, 2000 ("Amendment 603"); and (3) the factors listed at 18 U.S.C. § 3553(a), including his status as a person subject to deportation from the United States, which he asserts affects the nature of his confinement.  Dkt. #1.

### III.  DISCUSSION

#### A.  Legal Standard

A  motion under 28 U.S.C. § 2255 permits a federal prisoner, in custody, to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the  maximum authorized by law.  A petitioner seeking relief under § 2255

1  must file his motion with the one-year statute of limitations set forth in § 2255(f). That section

2  provides that a motion is timely if it is filed within one year of the date the conviction became

3  final or within one year of "the date on which the right asserted was initially recognized by the

4  Supreme Court, if that right has been newly recognized by the Supreme Court and made

5  retroactively applicable to cases on collateral review." § 2255(f)(3).

6  **B. Timeliness**

7  For the reasons argued by the Government, the Court agrees that the instant motion has

8  not been timely filed.  First, Petitioner did not directly appeal his sentence.  As a result, his

9  conviction became final when his deadline for filing a notice of appeal passed, fourteen days

10  following imposition of sentence, on November 19, 2010.  Fed. R. App. P. 4(b)(1)(A).  His

11  deadline for filing a § 2255 motion was one year later, on November 19, 2011.  He did not file

12  the instant motion until December 28, 2016, well after that one-year time period has passed.

13  Alternatively, a Petitioner may file a § 2255 motion within one year from "the date on

14  which the right asserted was initially recognized by the Supreme Court, if that right has been

15  newly recognized by the Supreme Court and made retroactively applicable to cases on

16  collateral review."  28 U.S.C. §2255(h)(3).  Petitioner appears to assert that such a situation

17  applies to him.  Dkt. #1 at 2.  Petitioner raises a challenge to his sentence under Amendment

18  794.  However, he did not sign or file his Petition until after December 1, 2016, which is more

19  than one year after the Amendment went into effect.  Moreover, Amendment 794 is not a

20  Supreme Court decision that announces new constitutional rights.  Therefore, his motion is not

21  timely under the alternate statutory period.

22  Finally, neither Petitioner's claim under Amendment 603 nor his claim for sentence

23  reduction under the factors listed at 18 U.S.C. § 3553(a) provide any basis to conclude that he

24

1   fall within a timely filing period. Indeed, Petitioner does not appear to argue as much. *See*

2   Dkt. #1.

3       As a result, for all of these reasons, the Court finds that the instant motion is untimely

4   and should be dismissed.

5   **C. Waiver and Merits**

6       Because the Court finds that Plaintiff has failed to timely file the instant motion, it need

7   not address Petitioner's arguments as to the merits of his claims, or the Government's

8   additional arguments in opposition to the Petition, including waiver and the failure of his

9   claims as a matter of law.

10   **D. Certificate of Appealability**

11       A petitioner seeking post-conviction relief under § 2255 may appeal this Court's

12   dismissal of his federal habeas petition only after obtaining a certificate of appealability from a

13   district or circuit judge. The Court finds that a Certificate of Appealability ("COA") is not

14   warranted in this case. A COA may issue only where a petitioner has made "a substantial

15   showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner

16   satisfies this standard "by demonstrating that jurists of reason could disagree with the district

17   court's resolution of [her] constitutional claims or that jurists could conclude the issues

18   presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*,

19   537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). As discussed above, Petitioner's

20   motion is untimely. Therefore, the Court finds no basis to issue a COA.

21                       **IV.  CONCLUSION**

22       Having considered Petitioner's motion, Respondent's opposition thereto, Petitioner's

23   reply in support thereof, and the remainder of the record, the Court hereby finds and ORDERS:

24

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 6

1.  Petitioner's Motion to Vacate or Correct Sentence under § 2255 (Dkt. #1) is
    DENIED.  No COA shall be issued.

2.  This matter is now CLOSED.

3.  The Clerk of the Court is directed to forward a copy of this Order to Petitioner and
    all counsel of record.

DATED this 16th day of February, 2017.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE